NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARLA RAY JONES, | No. 20-55407 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-01376-MWF-SHK |
| v. | |
| D. K. JOHNSON, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 7, 2021
Pasadena, California

Before: D.M. FISHER,** WATFORD, and BUMATAY, Circuit Judges.

In 2013, Darla Jones was convicted in California state court of assault with a firearm and making criminal threats. Later it came to light that, during Jones' trial, her defense attorney had been under prosecution by the Los Angeles County District Attorney—the same office that prosecuted Jones. The District Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

denied Jones' petition for a writ of habeas corpus and granted her a certificate of appealability on one claim: that Jones' lawyer was operating under a conflict of interest by representing her while he was being prosecuted by the same DA's office. As to this claim, we affirm. We decline to expand the certificate of appealability to include two additional claims Jones raises.

1. In her state-court and District Court habeas petitions, and before this Court, Jones has argued that her lawyer's conflict of interest violated her Sixth Amendment right to the effective assistance of counsel. She has contended that, to curry favor with the prosecutor, her lawyer pulled his punches when examining the prosecutor's investigator, who was called as a defense witness.

Usually, a defendant demonstrates ineffective assistance by showing that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "a defendant who shows that a conflict of interest actually affected the adequacy of [her] representation need not demonstrate prejudice" because "[t]he conflict itself demonstrate[s] a denial of the right to have the effective assistance of counsel." *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980) (internal quotation marks omitted). Such a defendant need only show that the conflict "adversely affected [her] lawyer's performance." *Id.* at 348; *see also Strickland*, 466 U.S. at 692 (leaving intact *Sullivan*'s presumption-of-prejudice standard).

The California Court of Appeal stated that Jones must show that "(1) counsel labored under an actual conflict of interest that adversely affected counsel's performance, and (2) absent counsel's deficiencies arising from the conflict, it is reasonably probable the result of the proceeding would have been different." *In re Jones*, No. B262848, 2016 WL 1105020, at *2 (Cal. Ct. App. Mar. 22, 2016) (citation omitted). This standard does not correctly articulate either *Sullivan* or *Strickland*—rather, it is an amalgamation of both. The Court of Appeal held that Jones did not carry her burden because she did not show prejudice.

Before us, Jones argues that: we should review her claim *de novo* because the Court of Appeal applied the wrong standard; the more lenient *Sullivan* standard applies; and her counsel's conflict of interest adversely affected his performance. *See Mickens v. Taylor*, 535 U.S. 162, 176 (2002) (explaining that *Sullivan* is more lenient because it is an "exception[] from the ordinary requirements of *Strickland*" that applies "where *Strickland* . . . is evidently inadequate to assure vindication of the defendant's Sixth Amendment right to counsel"). We assume, without deciding, that Jones is correct about our standard of review (*de novo*) and the applicable substantive standard (*Sullivan*). Nevertheless, the District Court did not err in denying Jones' claim because the conflict of interest did not adversely affect her counsel's performance. *See Rowland v. Chappell*, 876 F.3d 1174, 1193 (9th Cir. 2017) (not deciding between *Sullivan* and *Strickland* because, even under

3

*Sullivan*, counsel's performance was not adversely affected).

Jones argues that her counsel soft-pedaled his questions to the investigator and lost the opportunity to argue that the victims changed their story about the date of the assault only after the prosecutor approached them. That argument, she says, would have caused the jurors to view the victims' entire testimony with suspicion. The problem with Jones' contention is that counsel made precisely the argument she describes. He vigorously advocated to call the investigator as a defense witness (and, during the same sidebar, sharply criticized the prosecutor). When the prosecutor argued that defense counsel's ability to argue from the evidence should be limited, counsel pushed back and got a favorable ruling: that he would be permitted to point out the discrepancy in the witnesses' testimony.

In his closing argument, defense counsel attacked the witnesses' credibility, saying that "their story" was "absolutely ludicrous." He argued that the victims "only change the date after they're questioned about it and . . . even then, it takes them a long time." He told the jury that "there is just no way, just on the date alone, you could find this case was proven beyond a reasonable doubt." On this basis, he concluded, "this [crime] just didn't happen." Given that counsel strenuously advanced the very argument that Jones now says he sacrificed, his performance was not adversely affected by the conflict of interest.

2. Jones argues that the certificate of appealability should be expanded to

include the issue of whether the prosecutor violated her due process rights by failing to correct evidence. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) (state violates due process by obtaining a conviction using false evidence). A certificate of appealability is granted if the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which means that "jurists of reason could disagree with the district court's resolution of his [case] or . . . conclude the issues presented . . . deserve encouragement to proceed further," *Mitchell v. United States*, 971 F.3d 1081, 1083 (9th Cir. 2020) (per curiam) (alteration in original) (citation omitted).

Jones argues that Darryl Israel testified falsely that he contacted the prosecutor about the date being incorrect before the prosecutor contacted him. To begin with, this line of questioning was confusing due to defense counsel's numerous compound questions. And, as described above, the jury later heard the investigator's testimony that the prosecutor asked Israel about the date first. Israel's testimony was more confused or confusing than false. We agree with the California Court of Appeal that "[a]t worst, the purported discrepancy in Israel's testimony reflected negatively upon his credibility." *People v. Jones*, No. B251324, 2014 WL 6657247, at *5 (Cal. Ct. App. Nov. 24, 2014).

Jones next argues that Terrence Hite testified misleadingly that he (Hite) had been trying to convince Israel "the whole time" that the date was incorrect. Jones

5

does not explain what was misleading about this statement. Defense counsel did not ask—so Hite did not explain—what time period he meant by "the whole time." Moreover, defense counsel's question ("Are you sure [the prosecutor] didn't call you and tell you that the date was wrong?") assumed the prosecutor told Hite the date was wrong, which the prosecutor denied doing.

"[N]o reasonable jurist would agree," *Mitchell*, 971 F.3d at 1084 n.4, that the prosecutor had a responsibility "to correct the record to reflect the true facts," *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005). We do not grant a certificate of appealability on this issue.

3. Jones' second uncertified issue is that, aside from any conflict of interest, her counsel was ineffective. Here, rather than the *Sullivan* standard discussed above, the more demanding *Strickland* standard applies: Jones must show both deficient performance and prejudice. *Strickland*, 466 U.S. at 687. We have explained that counsel's questioning of the investigator did not show an "adverse effect" on his performance under the more lenient *Sullivan* standard—so undoubtedly, there was no prejudice under the *Strickland* standard. Defense counsel was able to argue to the jury that the witnesses, after talking to the prosecutor in December 2012, changed their position regarding when the assault took place.

"[N]o reasonable jurist would agree," *Mitchell*, 971 F.3d at 1084 n.4, that

counsel was ineffective. We do not grant a certificate of appealability on this issue.

**AFFIRMED.**